UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

ONE 2004 INFINITY FX-35,
VIN: JNRAS08W54X224417;
ONE 2004 LAND ROVER,
RANGE ROVER HSE, VIN:
SALME11484A153910; AND
ONE MEN'S ROLEX WATCH,

    Defendants *In Rem.*
_____/

Civil No. 10-11947

Honorable: Patrick J. Duggan

## STIPULATION TO REOPEN ADMINISTRATIVELY CLOSED PROCEEDING AND FOR ENTRY OF CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

NOW COME the Plaintiff, the UNITED STATES OF AMERICA, and Claimant ADNAN TAGEDDINE, by and through their respective, undersigned counsel, and for their above-entitled Stipulation, state as follows:

WHEREAS, on or about December 9, 2009, a 2004 Infinity FX-35, VIN: JNRAS08W54X224417 (hereinafter, the "Defendant Infinity"), was seized pursuant to a federally authorized warrant by agents of the Internal Revenue Service ("IRS") from the residence at 8700 Brandt Street, Dearborn, Michigan.

WHEREAS, on or about December 9, 2009, a 2004 Land Rover, Range Rover HSE, VIN: SALME11484A153910 (hereinafter, the "Defendant Land Rover"), and One (1) Men's Rolex watch (hereinafter, the "Defendant Watch") were seized pursuant to a federally authorized warrant by agents of the IRS. The Defendant Land Rover and the Defendant Watch were seized from the residence at 6177 College Drive, Dearborn Heights, Michigan.

WHEREAS, an administrative claim contesting the forfeiture of the seized Defendant Land Rover, Defendant Infinity and Defendant Watch was filed with the IRS, by Claimant, Adnan Tageddine, on or about February 24, 2010;

WHEREAS, the matter was referred by the IRS to the United States Attorney's office for judicial forfeiture;

WHEREAS, a Complaint for Forfeiture was filed by the United States on May 13, 2010, alleging that the Defendant Land Rover, Defendant Infinity and the Defendant Watch were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C);

WHEREAS, notice by publication has been completed in this case;

WHEREAS, Claimant ADNAN TAGEDDINE filed a Claim of Ownership as to the Defendant Land Rover, Defendant Infinity and the Defendant Watch on or about June 22, 2010;

WHEREAS, Claimant, SIKNEH TAGEDDINE filed a Claim of Interest with regard to the Defendant Land Rover on or about June 22, 2010;

WHEREAS, Claimant, SIKNEH TAGEDDINE has agreed to withdraw her claim(s) to the Defendant Land Rover, and on or before the execution and submission of this Stipulation will have executed and submitted for filing with the Court a separate withdrawal of her claim(s) to the Defendant Land Rover. Thus, she is not named as a claimant in this Stipulation and is not

designated as a signatory.

WHEREAS, no other verified claims of interest have been filed by any party with the United States District Court under the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and the time for filing such claims has expired;

WHEREAS, on or around June 24, 2010, this case was stayed during the pendency of parallel criminal proceedings;

WHEREAS, on or around August 24, 2012, the Court issued an Order Partially Lifting the stay in this matter and authorized the interlocutory sale of the Defendant Land Rover and the Defendant Infinity;

WHEREAS, the Defendant Infinity was sold by the IRS pursuant to an order of the Court.

However, the Defendant Land Rover has not been sold despite many attempts.

WHEREAS, Plaintiff states that storage costs accrued from the time the Defendant Infinity was seized and until it was sold.  The Defendant Land Rover has accrued storage costs form the time it was seized and continues to do so.

WHEREAS, the parties are aware of their respective rights and have reached a settlement which is embodied in this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture, and is intended to resolve all claims and issues between the parties and conclude this litigation as to the Defendant Land Rover, the Defendant Infinity and the Defendant Watch; now, therefore;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.       This is a civil <u>in</u> <u>rem</u> forfeiture action brought pursuant to 18 U.S.C.

§§ 981(a)(1)(A) and 981(a)(1)(C).

2.      This Court has jurisdiction over the subject matter and the parties, and venue over this action, pursuant to 28 U.S.C. §§ 1345, 1355 and 1395.

3.      The allegations of the Complaint for Forfeiture are deemed to have been well taken, the United States and its agents are deemed to have had reasonable cause for the seizure of the Defendant Land Rover, Defendant Infinity and the Defendant Watch as provided in 28 U.S.C. § 2465, and the position of the United States is deemed to have been substantially justified as set forth in 28 U.S.C. § 2412.

4.      The Claimant shall not claim or seek fees or costs from the United States under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute or regulation.

5.      Plaintiff and ADNAN TAGEDDINE hereby agree that all proceeds realized from the sale of the Defendant Land Rover are considered "substitute res" for this defendant vehicle. The parties agree that upon entry of the accompanying Consent Judgment and Final Order of Forfeiture ("Judgment and Order") that the Defendant Land Rover and/or any proceeds from its sale shall be **FORFEITED** to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).  Any right, title or interest of ADNAN TAGEDDINE, his successors and assigns, and any right, title and interest of all other persons in the Defendant Land Rover or proceeds from the sale of the Defendant Land Rover, is hereby and forever **EXTINGUISHED**. Upon entry of the accompanying Judgment and Order, clear title to the Defendant Land Rover or proceeds from its sale shall **VEST** in the United States of America,

and the IRS or its delegate will be **AUTHORIZED** to dispose of the vehicle or the proceeds from its sale (the substitute res) it according to law, including paying storage costs for the vehicle and costs incidental to its sale.

6. Plaintiff and ADNAN TAGEDDINE hereby agree that the proceeds from the sale of the Defendant Infinity, which totaled $12,006.00, are "substitute res" for this defendant vehicle. The parties agree that upon entry of the Judgment and Order the $12,006.00 shall be **FORFEITED** to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). Upon entry of the accompanying Judgment and Order, clear title to the $12,006.00 shall **VEST** in the United States of America, and the IRS or its delegate will be **AUTHORIZED** to dispose of the proceeds from the sale of the Defendant Infinity (the substitute res) according to law, including paying storage costs for the vehicle.

7. Plaintiff and ADNAN TAGEDDINE hereby agree that the Defendant Watch and/or the proceeds from its sale (the substitute res) shall be **FORFEITED** to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). Any right, title or interest of ADNAN TAGEDDINE, his successors and assigns, and any right, title and interest of all other persons in the Defendant Watch and/or the substitute res, is hereby and forever **EXTINGUISHED**. Upon entry of the accompanying Judgment and Order, clear title to the Defendant Watch and/or the proceeds of its sale shall **VEST** in the United States of America, and the IRS or its delegate will be **AUTHORIZED** to dispose of it or the proceeds from its sale according to law.

8. ADNAN TAGEDDINE and his successors and assigns, hereby release, remise and discharge the United States of America and its agencies, including but not limited to the

United States Department of Justice, the Internal Revenue Service, the U.S. Attorney's Office, and any other law enforcement agencies involved in this case or in the underlying investigation, and their officers, employees, and agents, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever, in law or in equity, which claimant, his heirs, successors and assigns ever had, now have, or may have in connection with this case or the underlying investigation.

9. Claimant ADNAN TAGEDDINE has discussed this settlement with his counsel and is aware of his rights in this matter.

10. The parties agree that each party shall bear their own costs and attorney fees in this matter.

WHEREFORE, the parties stipulate to entry of this Stipulated Consent Judgment and Final Order of Forfeiture.

Stipulated and agreed to:

BARBARA L. McQUADE
United States Attorney

s/T.N. Ziedas
T. N. ZIEDAS
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9573
[P-36453]
Peter.Ziedas@usdoj.gov

s/Nabih H. Ayad
NABIH H. AYAD, ESQ.
Attorney for Claimants Adnan and Sikneh Tageddine
2200 Canton Center Road, Suite 220
Canton, Michigan 48187
(734) 983-0520
[P-59518]
Nayad@ayadlaw.com

Dated: April 16, 2013

Dated: April 16, 2013

s/Adnan Tageddine, see attached signature page
ADNAN TAGEDDINE, Claimant

Dated: April 15, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

Upon the foregoing Stipulation of the parties, and the Court being otherwise fully advised in the premises; now, therefore;

**IT IS SO ORDERED AND ADJUDGED.**

S/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: April 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2013, by electronic and/or ordinary mail.

S/Marilyn Orem
Case Manager

*(Consent Judgment and Final Order of Forfeiture [Upon Stipulation]; U.S. v. One 2004 Infinity, et al. Case No. 10-11947)*

and their officers, employees, and agents, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever, in law or in equity, which claimant, his heirs, successors and assigns ever had, now have, or may have in connection with this case or the underlying investigation.

9. Claimant ADNAN TAGEDDINE has discussed this settlement with his counsel and is aware of his rights in this matter.

10. The parties agree that each party shall bear their own costs and attorney fees in this matter.

WHEREFORE, the parties stipulate to entry of this Stipulated Consent Judgment and Final Order of Forfeiture.

Stipulated and agreed to:

BARBARA L. McQUADE
United States Attorney

T. N. ZIEDAS
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9573
[P-36453]
Peter.Ziedas@usdoj.gov

Dated:

NABIH H. AYAD, ESQ
Attorney for Claimants Adnan and Siamch Tageddine
2200 Canton Center Road, Suite 220
Canton, Michigan 48187
(734) 983-0220
[P-59518]
Nayad@ayadlaw.com

Dated: 4-16-13

Adnan Tageddine
ADNAN TAGEDDINE, Claimant

Dated: 4/15/2013

8